**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO: |
| | § | |
| EARL K. SNEED AKA | § | 401-CV-0704-E |
| EARL KENNETH SNEED | § | |
| Defendant. | § | |

## COMPLAINT

COMES NOW the Plaintiff United States of America by and through the United States Attorney for the Northern District of Texas and for its cause of action against the Defendant, **Earl K. Sneed aka Earl Kenneth Sneed**, alleges and states:

1. This Court has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. § 1345 and 28 U.S.C. § 3001 *et seq*.

2. The Defendant's address, last known to Plaintiff, is: **2725 W. Division, #36, Arlington, Tarrant County, Texas 76012**. Venue is in this District by reason of 28 U.S.C. § 1391.

3. The Defendant, **Earl K. Sneed aka Earl Kenneth Sneed**, is indebted to the Plaintiff United States of America. Said indebtedness arises from the Defendant's execution of the promissory note attached hereto and marked as **Exhibit "A"** and the Defendant's default on said promissory note. Plaintiff is the present holder and/or owner of said **Exhibit "A"**, and by reason of such default, the Defendant is indebted to Plaintiff in the total amount of **$ 4,215.66**. See attached Certificate of Indebtedness identified and attached hereto as **Exhibit "B"**. As of the date of said Certificate of Indebtedness, the Plaintiff avers that the sum of $0.00 has been paid to the

United States Department of Education on the indebtedness due on this note.

WHEREFORE, the Plaintiff prays: That judgment be granted against the Defendant as set out in paragraph 3 above, plus pre-judgment interest thereafter at the rate set forth therein until date of judgment, and additional interest at the legal rate per annum and compounded annually from the date of judgment until paid; plus costs and disbursements of this action, and for such other and further relief as to the Court may deem just and proper.

Respectfully submitted,

RICHARD H. STEPHENS
UNITED STATES ATTORNEY

_____
R. Wayne Hughes, Jr.
Assistant United States Attorney
State Bar No: 10234000
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, TX 76102
Telephone: (817) 252-5200
Fax: (817) 978-6351

# TGSLC — TEXAS GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE

**WARNING:** ANY PERSON WHO KNOWINGLY MAKES A FALSE MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097

## SECTION I - TO BE COMPLETED BY STUDENT BORROWER

Type or print clearly with a ball-point pen. Read the instructions carefully.

1. Social Security Number: 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
2. Last Name: Sneed  First Name: Earl  MI: K
3. Birth Date: 12/20/55
4. State of Permanent Residence: TX  Since: 1955
5. Permanent Home Address: 3027 Dempsey, Corpus Christi, TX 78401
6. Home Area Code/Phone Number: 512-882-9355
7. Driver's License Number: 08483291  State: TX
8. U.S. Citizenship Status: ☒ (a) U.S. Citizen or National
9. Are you in default on any educational loan or do you owe a refund on a grant? ☒ No
10. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? ☒ No
11. Intended Enrollment: ☒ Full-time
12a. Requested Loan Amount: $2625
12b. Period: From 4/89 To 12/89
13. Do you have any outstanding guaranteed student loans that are NOT guaranteed by the TEXAS GUARANTEED STUDENT LOAN CORPORATION? ☒ No — none

14. Parent or Guardian:
- Name: Dennis Kerr
- Address: 3829 Orchard, Ft. Worth, TX 76119
- Phone: (817) 534-7495
- Employer: Greater Southwestern

Relative, Friend or Separated Parent:
- Name: Virgle Ellis
- Address: 200 Wiseman Ave., Ft. Worth, TX 76105
- Phone: (817) 534-3406
- Employer: Disable

Other Relative or Friend:
- Name: Mrs. Bonnie Worthy
- Address: 226 Bushick Place, Corpus Christi, TX 78402
- Phone: (512) 882-8944
- Employer: Research + Service

15. While in school, you intend to live: ☒ Off campus
16. Major Course of Study: Executive Acct.
17. Total Number of Borrower's Dependents: 1, Ages: 33

## PROMISSORY NOTE FOR A TEXAS GUARANTEED STUDENT LOAN

A. I PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B, the sum of **Twenty-six-hundred-twenty-five (2625)** — Requested Loan Amount...

Signature of Borrower: Earl K. Sneed  Date: 4/26/89

## SECTION II - TO BE COMPLETED BY SCHOOL

22. Name of School: Massey Business School
23. Address: 2820 S.P.I.D. Suite 180
24. City, State, Zip: Corpus Christi, TX 78415
25. Area Code/Telephone Number: (512) 857-5700
26. School Code: 004974002
27. Loan Period: From 03/27/89 To 10/30/89
28. Anticipated Graduation Date: 10/89
29. Borrower Grade Level: 1.0
30. Dependency Status: ☒ Independent
31. Estimated Cost of Education for Loan Period: $9151
32. Estimated Financial Aid for Loan Period: $450
32a. Expected Family Contribution: $3920
33. Difference: $2625
33a. Adjusted Gross Income: $8500
34. Signature of Authorized Financial Aid Administrator
35. Print or Type Name and Title: FIN. AID DIRECTOR
36. Date: 4/26/89

## SECTION III - TO BE COMPLETED BY LENDER

37. Name of Lender: WSA
40. Lender Code: 831020
41. Lender Approved Amount: $2625
46. Signature of Authorized Lending Official: J. Guerro
47. Print or Type Name and Title: J. Guerrero Svc
48. Date: 4-27-89


GOVERNMENT EXHIBIT A

## PROMISSORY NOTE (CONTINUED)

**B. Date Note Becomes Due:** I will repay this loan in monthly installments during a repayment period that will begin no later than the day after the last day of my grace period, as explained on my Disclosure Statement. My grace period is that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grace period, however, I may request that my repayment period begin on an earlier date.

**C. Interest:** I agree to pay an amount equivalent to simple interest on the unpaid balance of my loan from the date it is advanced to me until it is paid in full, except for any interest the United States Government will pay for me, which it will not attempt to collect from me. The applicable interest rate on my loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans are still outstanding and have an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans the applicable interest rate on my loan will be 8%. My Disclosure Statement will identify the specific interest rate applicable for my loan. When this Note becomes due, I will either pay you the total interest due from me or such interest will be added to the total principal to be repaid with interest, in installments. All payments will be made to your address as indicated on my Disclosure Statement, or to any other address you notify me of.

**D. Guarantee-Origination Fees:** I will pay you a guarantee fee which you will forward to the Texas Guaranteed Student Loan Corporation (TGSLC) for its guarantee of this Note. The guarantee fee will be equal to 1% per year on the amount disbursed for a period beginning the month after the estimated date of disbursement and ending 12 months after the anticipated month of the borrower's graduation. For applications signed by the borrower on or after July 1, 1987, the guarantee fee will not exceed 3% of the principal amount of the loan regardless of the time between the estimated date of disbursement and the anticipated graduation date.

My Disclosure Statement will indicate the exact amount and rate of my guarantee fee. I will pay you an origination fee authorized by Federal law not to exceed 5% of my loan amount (unless changed by Federal law). My Disclosure Statement will also indicate the exact amount and rate of my origination fee. You may withhold this fee from each disbursement amount as indicated on my Disclosure Statement. If any loan disbursement check is returned uncashed to you, or if the loan check has not been cashed within 120 days of the check date, or if I cash the check then pay it in full within 120 days of the check date, the guarantee fee and the origination fee will be credited to my balance.

**E. Whole Loan Due:** Any other provision of this Note notwithstanding, I will be in breach of this agreement and you will have the right to give me notice that the whole outstanding principal balance plus my unpaid interest I owe is due and payable at once (subject to any law which gives me the right to cure such breach) if (1) I fail to make a payment when due, or (2) I make any false written statement in applying for this loan or for an extension or deferment of this loan, or (3) I break any of my other promises under this agreement, or (4) after I receive my loan proceeds, I fail to enroll, for the period covered by this loan, at the school listed on this Application and Promissory Note for at least one-half of the normal full-time academic workload required by the school.

**F. Collection Costs-Late Charges:** I agree to pay you reasonable amounts permitted by law including the fees of an outside attorney and court costs which you incur in collecting any amount I owe under this Note which is not paid when due. (If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest.) If any payment has not been received within _____ days after its due date, you may charge me 6% of the late installment.

**G. Prepayment:** I may, at my option and without penalty, prepay all or part of the principal or accrued interest of my loan at any time.

**H. Additional Agreements:** (1) The proceeds of this loan will be used only for educational expenses at the school listed on my Application and Promissory Note. (2) Any notice required to be given to me, including my Disclosure Statement, will be effective when mailed by first class mail to the latest address you have for me. (No separate notice is required for any endorser (cosigner). (3) Your failure to enforce or insist that I comply with any terms of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. (4) If TGSLC is required under its guarantee to repay my loan(s) because I have defaulted, TGSLC will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. (5) I must repay this Note even though I may be under 18 years of age. (6) My loan will be cancelled if I die or become totally or permanently disabled. (7) In this Note, the words I, me, and my mean each and all of those who signed it. If more than one person signs this Note, each person will be liable up to the full amount of the loan. You, your, and yours mean the lender or any other owner of this Note.

**I. Deferment:** If I am receiving a loan for a period of enrollment beginning prior to July 1, 1987, I may defer payment of the principal on my loan after the repayment period begins under any of the following circumstances: (1) While I am engaged in: (a) Full-time study at a school that is participating in the GSLP unless I am not a national of the United States and am studying at a school not located in the United States; (b) Full-time study at an institution of higher education such as vocational school of the type operated by an agency of the Federal Government (e.g. the service academies, unless I am not a national of the United States and am studying at a school not located in the United States), An eligible graduate fellowship program or (d) An eligible rehabilitation training program for disabled individuals. (2) For periods not exceeding 36 months (for each of the following: (a) On active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service, or serving as a volunteer under the Peace Corps Act if I have agreed to serve for a term of at least one year; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION Programs) if I have agreed to serve for a term of at least one year; (d) Performing full-time volunteer service, which the Secretary of Education has determined, is comparable to service in the Peace Corps or ACTION Programs, for an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, as amended; or (e) Temporarily totally disabled, as established by a sworn affidavit of a qualified physician, or unable to secure employment because I am caring for a spouse who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician. (3) For periods not exceeding 24 months (for each of the following) while I am: (a) Serving in an eligible internship program or (b) Conscientiously seeking, but unable to find full-time employment in the United States.

In addition to the above deferment, if I am a new borrower (as defined below) receiving a loan for a period of enrollment beginning on or after July 1, 1987, I may also request, in addition to the above, deferments of payment of principal on my loan after the repayment period begins under any of the following circumstances: (4) While I am engaged in at least half-time study at a school that is participating in the GSLP unless I am not a national of the United States and am studying at a school not located in the United States, if I receive a loan under the GSL or SLS Programs for the enrollment period. (5) For periods not exceeding 36 months (for each of the following) while I am: (a) On active duty status in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service or an active duty member of the National Oceanic and Atmospheric Administration Corps; (b) Engaged as a full-time teacher in a public or private elementary or secondary school in a teacher shortage area as defined by the Secretary of Education; (c) Unable to secure employment because I am providing care required by a spouse or other dependent who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician. (6) For periods not exceeding 12 months if I am a mother with preschool age children am entering or re-entering the work force, and am being paid at a rate that is no more than $1.00 above the minimum hourly wage prescribed by the Fair Labor Standards Act of 1938. (7) For periods not exceeding 6 months when I am pregnant or caring for a newborn child or caring for a child immediately following the placement of the child through adoption, provided I am not able to go to school and are not gainfully employed. In order to qualify for this deferment, I must have been enrolled, within the past six months, at least half-time in a school participating in the GSLP.

A "new borrower" is one who has no outstanding balance on a GSL, PLUS, SLS or Consolidation Loan on the date he or she signs the Promissory Note for a loan to cover periods of enrollment beginning on or after July 1, 1987.

In order to receive a deferment, I must request the deferment and provide my lender with all documentation required to establish my eligibility (as set forth in the regulations governing the GSLP).

I understand that I must notify my lender when the condition entitling me to the deferment no longer exists.

**J. Repayment in Installments:** I will repay the total amount due on this Note in installments, with interest at the rate indicated in Paragraph C, unless I enter into a situation as described in Paragraph E, in which case the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once. Prior to the date this Note becomes due as set forth in Paragraph B, you will send me a Repayment Schedule which shows the complete repayment terms that will become part of this Note. Any endorser (cosigner) who signs this Note will also be obligated to repay this Note. The Repayment Schedule may include all loans I have received from you under the Texas Guaranteed Student Loan Program. The Repayment Schedule will require me to make monthly payments for a period of not less than five nor more than ten years after this Note becomes due. The repayment period will not be longer than ten years from the date I enter repayment status (not counting periods for which I am granted an authorized deferment as outlined in Paragraph 4 or forbearance. At my option, I may agree to a repayment period that is shorter than five years. However, I may at any time later have the repayment period extended so that the total repayment period is not less than five years. My total payments for any year of the repayment period for all my loans under the Guaranteed Student Loan, Parent Loan, or Supplemental Loan for Students Programs shall not be less than $600 per year (or the balance of all such loans plus accrued interest if less than $600), including payments by my spouse on any loan under the Guaranteed Student Loan, Parent Loan, or Supplemental Loan for Students Programs even though this may result in a repayment period shorter than five years.

**K. Credit Bureau Notification:** Information regarding my loan amount, repayment, or my breach of this agreement will be reported to credit bureau organizations by the lender, holder or TGSLC. My breach of this agreement will be disclosed to credit bureau organizations unless I enter repayment within 30 days after being notified of such disclosure by the lender, holder or TGSLC. Any objection I make to the credit bureau regarding accuracy and completeness of information will be responded to in a timely manner by the reporting lender. ANY BREACH OF THIS AGREEMENT MAY SIGNIFICANTLY AND ADVERSELY AFFECT MY ABILITY TO OBTAIN OTHER CREDIT.

**L. Transfer of Note:** This Note may be transferred to a holder other than the lender. Such transfer shall not affect the rights _____ parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due _____ notify me of any such transfer in writing.

## BORROWER CERT[IFICATION]

I declare under penalty of perjury under the laws of the United States of America that [...] certify that the information contained in Section I of this Application is true, complete and correct to the best of my knowledge and belief [...] to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to [...] Department of Education, or their agents, my requested information pertinent to this loan (e.g., employment, enrollment status, cur[rent address...] result of this Application will be used for educational expenses for the loan period covered by this Application at the school named [...] loan pro[...] that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that [...] of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not include the amount [...] new owe a refund on a Byrd Scholarship, Pell Grant, Supplemental Grant (SEOG) or State Student Incentive Grant (SSIG) [...] or National Defense or Direct Student Loan, or a Guaranteed Student Loan (GSL), a Federally Insured Student Loan (FISL) [...] Loan to Assist Students (ALAS), a Parent Loan for Undergraduate Students (PLUS), a Consolidation Loan, or an Income Contingent Loan. I further authorize [...] using the proceeds of my loan in full, or in part, made payable to me and sent to the school named in Section II. I have read and understand [...] Rights and Responsibilities supplied with this Application.

I understand that I will receive disclosures that identify my loan amount (as determined by the lender), the fee amount [...] rates, due dates, grace period, and late charges. I understand and agree that if the information on the disclosures conflicts with the information contained in the Application [...] Note, the information on the disclosure applies.

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Earl K. Sneed
AKA: Earl Kenneth Sneed
2725 W. Division #36
Arlington, TX 76012
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 04/20/01.

On or about 04/26/89 borrower executed promissory note(s) to secure loan(s) $2625.00 from WSA at 8 percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 02/07/90 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2749.76 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/10/95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $869.91 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2749.76 |
| Interest: | $ 1465.90 |
| Administrative/Collection Costs: | $    0.00 |
| Late fees | $    0.00 |
| Total debt as of 04/20/01: | $ 4215.66 |

Interest accrues on the principal shown here at the rate of $0.60 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 5/4/01

Name: [signature]
Title: Loan Analyst
Branch: Litigation


GOVERNMENT EXHIBIT B